■ HARRY REBELL et al., Suing Individually and as Representatives of all the Shareholders of AMERICAN STEEL AND PUMP CORPORATION, Appellants, v. VICTOR MUSCAT et al., Respondents.— In an action by shareholders (who sue individually as representatives of other shareholders and derivatively on behalf of the corporation) to enjoin certain of the defendants from granting to

themselves as directors bonuses, salaries and stock options claimed to be excessive, and from issuing certain bonds and debentures and from increasing the number of shares, the plaintiffs appeal from an order of the Supreme Court, Kings County, entered May 3, 1966, which denied their motion for a preliminary injunction. Order modified so as to grant the motion to the extent of enjoining the defendants *pendente lite* from exercising any stock options voted by the shareholders on May 4, 1966, and from exercising the right to increase or alter the capitalization or debt structure as set forth in the notice for the May 4, 1966 meeting. As so modified, order affirmed, without costs. Defendants, Muscat, Huffines and Krock control, through various corporations which they also control, 57% of the shares of defendant American Steel and Pump Corporation, of which the plaintiffs are also substantial shareholders. Plaintiffs are suing Muscat, Huffines and Krock, who are directors and officers of American, alleging that their actions as such have not been for the benefit of the corporation, but to further their own interests. Plaintiffs claim *inter alia* that for their private ends defendants are seeking to effect a 20% dilution of the number of outstanding shares of the corporation by a large increase in the number of authorized shares, that they have voted themselves options to buy 60,000 shares of the corporations' stock at unrealistically low prices, that they are attempting for their own ends to refinance the corporation by calling in 4% bonds and issuing 6% bonds, that they have voted themselves a bonus of 6% on pretax income without revealing this to the shareholders, that they have formed a subsidiary company for the express purpose of capturing control of another corporation, and that they have delayed the filing of their 1966 report to the SEC in order to prevent plaintiffs and other shareholders from obtaining information as to defendants' activities. Defendants' affidavits in opposition point out that the option price of one-half of the shares in question is approximately the same as current over-the-counter quotations for these shares, but otherwise these affidavits consist chiefly of denials of any sinister purpose, allegations that defendants have sufficient means to respond in damages in the event the plaintiffs should prevail and claims that the recent rapid growth of American has been due to the efforts of the defendants. While we recognize the heavy burden under which plaintiffs labor when seeking a preliminary injunction, it appears to us that they have demonstrated a sufficient possibility of success and an undeniable probability of irreparable damage if we assume *arguendo* that plaintiffs eventually were to prevail. If stocks and bonds are issued by the defendants and taken up by holders in due course, it will avail plaintiffs and the corporation little to have a court later hold that the bonds or stocks should never have been issued. If the 4% bonds are retired, there seems little likelihood that such financing could again be secured. Defendants on the other hand should not be greatly prejudiced by continuing during this suit to operate the corporation as they have previously since, according to defendants, they have been able during the short period of their management to increase the dividends of the corporation 100%. This appears to be sufficient to guarantee that the present internal structure of the corporation is a tolerable one which ought to be preserved until the questions raised by plaintiffs can be resolved. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.